IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LANCE CLAUDIO MIGLIACCIO | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv214 |
| MARK MARTIN | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lance Claudio Migliaccio, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001).

Petitioner insists he is not seeking relief under either Section 2255 or Section 2241. Instead, he seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and common law. However, "the

All Writs Act does not confer an independent basis for subject-matter jurisdiction." *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002). "[T]he All Writs Act is a residual source of authority to issue writs that are not covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996), citing *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43 (1985). As 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, the All Writs Act and common law avenues of relief are not available to petitioner. *Nelson v. Reese*, 214 Fed.Appx. 465, 467 (5th Cir. 2007); *Polley v. Jeter*, 202 Fed.Appx. 806 (5th Cir. 2006).

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **11** day of **August, 2011.**

_____
Ron Clark, United States District Judge